UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHAWN PAUL GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:17-CV-104-TAV-MCLC |
| | ) | |
| CAMPBELL COUNTY | ) | |
| SHERIFF'S OFFICE, and | ) | |
| MEDICAL PROVIDERS AT | ) | |
| CAMPBELL COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

Shawn Paul Goins ("Plaintiff") initiated this action when he filed a complaint on June 28, 2017, alleging constitutional violations pursuant to 28 U.S.C. § 1983 [Doc. 2] along with a motion for leave to proceed *in forma pauperis* [Doc. 1]. On July 13, 2017, the Court entered an order of deficiency notifying Plaintiff of his failure to comply with the Prison Litigation Reform Act ("PLRA") [Doc. 3]. The Court ordered Plaintiff "to pay the full filing fee or to submit the required documents" within thirty days of the date of the order [*Id.*]. Additionally, the Court directed Plaintiff to show the Court's order to Campbell County Jail administrators to ensure that the custodian of Plaintiff's inmate trust account provided Plaintiff with the necessary certified documents [*Id.*]. Plaintiff was forewarned that "if he fail[ed] to fully comply with this [o]rder within the time required, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution" [*Id.* (citing Fed. R. Civ. P. 41(b))].

On July 26, 2017, Plaintiff responded to the Court's order of deficiency requesting that the Court send him a court-approved certificate to be notarized by the custodian of his inmate trust account [Doc. 4]. Per his request, the Clerk's Office mailed a blank certificate of inmate trust account form to Plaintiff at his last known address. However, on August 14, 2017, the mail sent by this Court was returned as undeliverable, noting that Plaintiff is no longer at the facility [Doc. 5].

Thereafter, the Court ordered Plaintiff to show cause within fourteen days explaining why his case should not be dismissed without prejudice for failure to prosecute and/or failure to follow the order of this Court [Doc. 6]. The Court notified Plaintiff that failure to comply with the terms of this order will result in dismissal of his case [*Id.*]. On May 7, 2018, the show cause order was returned as undeliverable with no forwarding address [Doc. 7]. Plaintiff has not filed any other response to the Court's order and the deadline to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last two attempts made by the Court to contact Plaintiff regarding his case have been unsuccessful. Whether willful or negligent, Plaintiff has failed to update his address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since defendants Campbell County Sheriff's Office and the Medical providers at Campbell County Jail have not yet been served, they have not been prejudiced by Plaintiff's inactions. In contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without*

prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE